IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICK BOUNDS AUTO SALES, INC. | § § § | PLAINTIFF |
| V. | § § | Civil No.1:09CV65-HSO-JMR |
| WESTERN HERITAGE INSURANCE COMPANY and LEE DIXON | § § § § | DEFENDANTS |

**ORDER AND REASONS GRANTING DEFENDANT
WESTERN HERITAGE INSURANCE COMPANY'S MOTION TO
RECONSIDER AND STAYING DISCOVERY AND BRIEFING ON THE
PENDING MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion to Reconsider [12-1] filed by Defendant Western Heritage Insurance Company ["Western Heritage"], in the above-captioned cause on January 21, 2009, asking the Court to reconsider its Text Order of January 20, 2009, which granted Plaintiff's [11-1] Motion for Additional Time to Respond to Defendant's [3-1] Motion for Partial Summary Judgment and/or Continue Summary Judgment to Allow for Discovery. Plaintiff has filed a Response [14-1], and Western Heritage a Rebuttal [15-1]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Western Heritage's Motion to Reconsider should be granted, and this case should be stayed pending briefing on this Court's subject matter jurisdiction over this case.

Plaintiff initiated this lawsuit by filing its Complaint in the Circuit Court of Hancock County, Mississippi, on August 29, 2008. *See* Compl. Plaintiff named Western Heritage and Lee Dixon ["Dixon"] as Defendants. *See id.* Plaintiff stated

that it was a Mississippi corporation located in Bay St. Louis, Mississippi. *See id.* at ¶1. It asserted that Western Heritage was an Arizona company with its principal place of business in Arizona, and that Dixon was a resident of Mississippi. *See id.* at ¶¶ 2-3. From the face of the Complaint, there was not complete diversity of citizenship.

Western Heritage removed the case to this Court on January 12, 2009, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal, at pp. 1-2. Dixon did not join in the removal. In its Notice of Removal, Western Heritage maintained that Dixon's joinder in the removal was not required and that Dixon's residency should be disregarded for purposes of determining whether this Court has jurisdiction, on grounds that he was fraudulently joined to defeat diversity. *See id.* at p. 2. However, the basis of this purported fraudulent joinder has not been briefed to the Court, so that at present, Dixon remains a Defendant.

Western Heritage filed a Motion for Summary Judgment [3-1] on January 12, 2009, asserting that Plaintiff's claims of misrepresentation and negligence in the procurement of its insurance policy against it and Dixon are barred by the applicable statute of limitations. *See* Mot. for Summ. J., at p. 1. Western Heritage also argues that Dixon was neither its agent nor its employee, such that it cannot be held vicariously liable for any claimed wrongful conduct of Dixon. *See id.* at pp. 1-2. Western Heritage further contends that the subject insurance policy did not cover Plaintiff's property damage, and that it is entitled to summary judgment on Plaintiff's claims based on the denial of coverage. *See id.* at p. 2.

Plaintiff filed a Motion for Extension of Time to respond to the Motion for Summary Judgment and/or to Continue Summary Judgment to Allow for Discovery. The Court granted this Motion by Text Order dated January 20, 2009. Western Heritage then filed the present Motion to Reconsider. *See* Mot. to Reconsider, at pp. 1-4.

Neither Western Heritage's Motion for Summary Judgment nor its Motion to Reconsider specifically addresses the allegedly fraudulent joinder of Dixon. Plaintiff has yet to file a Motion to Remand, and Western Heritage has not filed a Motion to Dismiss Dixon. Although neither party raises the issue of subject matter jurisdiction, this Court must consider it *sua sponte*. *See Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999); *see also* 28 U.S.C. § 1447(c). Western Heritage's basis for alleging that Dixon was fraudulently joined is not entirely clear. The Court notes that the defense of Plaintiff's claims being barred by the statute of limitations is apparently a common defense raised by both Defendants, which would dispose equally of all claims against them. This ordinarily would preclude a finding of improper joinder. *See Boone v. Citigroup, Inc.,* 416 F.3d 382, 389-90 (5th Cir. 2005); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 575-76 (2004). Thus, the Court is of the opinion that briefing on the specific question of subject matter jurisdiction is necessary before the Court proceeds any further with this case. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Defendant Western Heritage Insurance Company's Motion to

Reconsider [12-1] should be and hereby is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated herein, discovery and briefing on the pending Motion for Summary Judgment should be and hereby are stayed pending a decision on this Court's subject matter jurisdiction over this case.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated herein, the parties are directed to file the appropriate motion addressing this Court's subject matter jurisdiction on or before Friday, March 6, 2009, and that any responses and replies to such motions should be filed in accordance with the Federal Rules of Civil Procedure and the Uniform Local Rules of this Court.

**SO ORDERED AND ADJUDGED**, this the 18th day of February, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE