IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICK BOUNDS AUTO SALES, INC. | § § § | PLAINTIFF |
| V. | § § | Civil No. 1:09CV65-HSO-JMR |
| WESTERN HERITAGE INSURANCE COMPANY and LEE DIXON | § § § § | DEFENDANTS |

## ORDER AND REASONS DENYING PLAINTIFF'S MOTION TO REMAND

BEFORE THE COURT is the Motion to Remand [21] of Plaintiff Rick Bounds Auto Sales, Inc., filed on February 26, 2009. Defendant Western Heritage Insurance Company ["Western Heritage"] filed a Response [23]. After consideration of the Motion, the pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion should be denied.

### I. BACKGROUND

Plaintiff initiated this lawsuit by filing its Complaint in the Circuit Court of Hancock County, Mississippi, on August 29, 2008. *See* Compl. Plaintiff named Western Heritage and Lee Dixon ["Dixon"] as Defendants. *See id.* Plaintiff stated that it was a Mississippi corporation located in Bay St. Louis, Mississippi. *See id.* at ¶1. It asserted that Western Heritage was an Arizona company with its principal place of business in Arizona, and that Dixon was a resident of Mississippi. *See id.* at ¶¶ 2-3. From the face of the Complaint, there was not complete diversity of citizenship.

-1-

Plaintiff asserts claims of misrepresentation, fraud, detrimental reliance, and estoppel against both Defendants, breach of contract, unfair claims practices, and bad faith claims against Western Heritage, and agent negligence against Dixon. *See* Compl., at pp. 10-16. Western Heritage removed the case to this Court on January 12, 2009, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal, at pp. 1-2. In its Notice of Removal, Western Heritage maintained that Dixon's joinder in the removal was not required and that Dixon's residency should be disregarded for purposes of determining whether this Court has jurisdiction, on grounds that he was fraudulently joined to defeat diversity. *See id.* at p. 2. On January 13, 2009, Dixon joined in the removal. *See* Joinder and Consent to Removal [7-1], at p. 1.

Western Heritage filed a Motion for Summary Judgment [3-1] on January 12, 2009, asserting that Plaintiff's claims against it and Dixon for misrepresentation and negligence in the procurement of the insurance policy were barred by the applicable statute of limitations. *See* Mot. for Summ. J., at p. 1. Western Heritage argued that Dixon was neither its agent nor its employee, such that it could not be held vicariously liable for any claimed wrongful conduct of Dixon. *See id.* at pp. 1-2. Western Heritage further contended that the subject insurance policy did not cover Plaintiff's property damage, and that it was entitled to summary judgment on Plaintiff's claims based on the denial of coverage. *See id.* at p. 2.

Plaintiff filed a Motion for Extension of Time to respond to the Motion for Summary Judgment and/or to Continue Summary Judgment to Allow for Discovery.

The Court granted this Motion by Text Order dated January 20, 2009. Western Heritage then filed a Motion to Reconsider. *See* Mot. to Reconsider, at pp. 1-4.

Neither Western Heritage's Motion for Summary Judgment nor its Motion to Reconsider specifically addressed the allegedly fraudulent joinder of Dixon. The Court raised the question of its subject matter jurisdiction *sua sponte*, and requested briefing on the issue. Plaintiff then filed the present Motion to Remand [21-1] on February 26, 2009.

## II. DISCUSSION

A.  Fraudulent Joinder

   *1.  Standard of Review*

The removing party bears the burden of demonstrating fraudulent or improper joinder, and this burden is a heavy one. *See Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder can be established by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

Here, there is no allegation or evidence of fraud in pleading jurisdictional facts, so the Court will focus on the second method of establishing improper joinder. Under this method,

> [t]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical.

*Travis*, 326 F.3d at 648.

"[T]he threshold question for [the Court] is whether 'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (*quoting Smallwood*, 385 F.3d at 573). The burden of proof is on the removing party to establish improper joinder. *See Jabour v. Life Ins. Co. of North America*, 362 F. Supp. 2d 736, 740 (S.D. Miss. 2005). Under this standard, the plaintiff "may not rest upon the mere allegations or denials of [his] pleadings." *Id.*(*quoting Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000)). "In other words, the plaintiff cannot simply rely upon conclusory or generic allegations to survive a properly supported claim of fraudulent joinder." *Id.* (*citing Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 392-93 (5th Cir. 2000)). "Thus, the district court may 'pierce the pleadings' and consider 'summary judgment-type evidence' (e.g., affidavit and deposition testimony) when inquiring whether a resident defendant has been fraudulently joined." *Id.* (*citing Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)).

2.  *Statute of Limitations on State Law Claims*

Plaintiff's Complaint advances state law claims against Dixon for misrepresentation, fraud, detrimental reliance, estoppel, and agent negligence. *See* Compl., at pp. 10-16. Each of these claims is premised upon alleged representations made by Dixon in connection with the sale and purchase of the policy. *See* Compl., at pp. 8-10, 13-16. Pursuant to section 15-1-49 of the Mississippi Code, these claims

are all subject to a three year limitations period. *See* MISS. CODE ANN. § 15-1-49.

With respect to claims for misrepresentation and fraud, this Court has found that "[t]he appropriate inquiry for determining the commencement of the limitations period centers on whether the alleged tortious conduct occurs at the formation of the insurance agreement or at a later time." *Poole v. Colonial Life & Accident Ins. Co.*, No. 1:06cv712, 2007 WL 4287534, at * 4 (S.D. Miss. 2007) (*citing Agnew v. Washington Mutual Finance Group*, 244 F. Supp. 2d 672, 676 (N.D. Miss. 2003)). "Where the alleged misconduct occurs during contract formation, the limitations period begins to run upon the purchase of the policy," absent tolling by fraudulent concealment or the discovery rule. *Id.* (*citing Agnew*, 244 F. Supp. 2d at 676); *see also Brumfield v. Pioneer Credit Co.*, 291 F. Supp. 2d 462, 471 n.6 (S.D. Miss. 2003). In actions tolled by the discovery rule or fraudulent concealment, "the statute of limitations commences to run ...at the time the fraud is discovered, or at such time as the fraudulent concealment 'with reasonable diligence might have been first known or discovered.'" *Brumfield*, 291 F. Supp. 2d at 469 (*quoting Rainwater v. Lamar Life Ins. Co.*, 207 F. Supp. 2d 561, 568 (S.D. Miss. 2002)).

Under Mississippi law, however, "a party to a contract is obligated to read the contract before signing it, and cannot be heard to complain of an oral misrepresentation which would have been disclosed by reading the contract." *Agnew*, 244 F. Supp. 2d at 676. "Where the terms of a contract are made available to a contracting party, any reliance on alleged misrepresentations of those terms, is, as a matter of law, unreasonable." *Rainwater,* 207 F. Supp. 2d at 567; *see also Leonard*

*v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 439-40 (5th Cir. 2007). The statute of limitations on a claim will not be tolled under such circumstances. *See Agnew,* 244 F. Supp. 2d at 676; *see also Leonard,* 499 F.3d at 440-41 (not tolling the statute of limitations on plaintiff's misrepresentation claim where the policy terms were unambiguous); *Brumfield*, 291 F. Supp. 2d at 468-69.

Plaintiff bases its claims against Dixon upon representations which allegedly occurred during the procurement of the subject insurance policy. *See* Compl. pp. 10-16. There is no indication in the Complaint that any of the facts forming the basis of Plaintiff's claims against Dixon occurred subsequent to the policy's purchase, and Plaintiff has not submitted evidence that the terms of the policy were otherwise unavailable to it. Furthermore, to establish a claim of fraudulent concealment, Plaintiff must show that Dixon took some "action, affirmative in nature which was designed or intended to prevent and which did prevent, the discovery of the facts giving rise to the ... claims[s]." *Agnew*, 291 F. Supp. 2d at 469 (*quoting Davidson v. Rogers*, 431 So. 2d 483, 485 (Miss. 1983)). Plaintiff has presented neither factual averments nor evidence that would give rise to a claim of fraudulent concealment against Dixon.

Based upon the foregoing, Plaintiff's claims against Dixon are not tolled and the statute of limitations began to run at the time the policy was purchased, on or before April 2005,[1] or as Western Heritage argues in its Motion for Summary

---

[1] In support of its pending Motion for Summary Judgment, Western Heritage submitted evidence that the Policy was in fact a renewal of policy number AGP0458843, with effective dates April 19, 2005, to April 19, 2006. *See* Policy No. AGP0458843, attached as Ex. "AA" to Def.'s Mot. for Summ. J. The initial policy contained no physical damage coverage to covered "autos." *See* Garage

Judgment, at the latest on May 12, 2005, when Dixon mailed Plaintiff a copy of the policy. *See* Mem. in Supp. of Western Heritage's Mot. for Summ. J., at p. 9 (*citing* Decls. Page, attached as Ex. "BB" to Western Heritage's Mot. for Summ. J.). Because Plaintiff's Complaint was not filed until August 2008, and because the claims asserted against Dixon had to be brought within three years, Plaintiff's claims against Dixon are time-barred. For this reason, the Court need not determine whether Plaintiff has any possibility of supporting the merits of its claims against Dixon under state law.

The common defense of the statute of limitations to the misrepresentation, fraud, detrimental reliance, and estoppel claims is as equally applicable to Western Heritage, as it is to Dixon. Therefore, under the facts of this case, the only thing which will prevent a remand of the action is if the Court determines that there are independent claims made against Western Heritage which are not applicable to Dixon and not subject to the same time bar. *See Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638 (5th Cir. 2004).

As the Court has already stated, Plaintiff asserts additional claims for breach of contract, unfair claims practices, and bad faith against Western Heritage, which it does not lodge against Dixon. *See* Compl., at pp. 10-16. These are contractual claims which would apply only to Western Heritage, as Dixon was not a party to the underlying insurance contract. The Court is therefore of the view that Plaintiff has

---

Policy Declarations, attached as Ex. "D" to Def.'s Mot. for Summ. J. The Complaint does not specify whether the alleged representations were made at initial contract formation in 2003, or upon renewal. Out of an abundance of caution, the Court uses the latter of the two dates, the April 2005 renewal purchase date, in its analysis.

asserted independent claims against Western Heritage which are not subject to the common defense of the statute of limitations. This necessitates the dismissal of Dixon, the denial of remand, and the allowance of the case to proceed to resolution in this forum against Western Heritage. *See Rainwater*, 391 F.3d at 638 (holding that if the district court should determine that the limitations defense is dispositive of all claims against all defendants, then *Smallwood* would require remand to state court, but that if it should determine that the time bar defense is not dispositive of every claim against every defendant, it should deny remand and proceed with the proper disposition of the case).

B.  Discovery and the Pending Motion for Summary Judgment

In light of this Order, the Court is of the opinion that any request by Plaintiff to stay briefing on Western Heritage's pending Motion for Summary Judgment in order to conduct discovery is now moot. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (explaining that "[a] non-movant seeking relief under Rule 56(f) must show: (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact."). Plaintiff's Response to Western Heritage's Motion for Summary Judgment is due within fifteen (15) calendar days of entry of this Order, and any Reply shall be filed in accordance with Uniform Local Rules.

III.  CONCLUSION

This case was properly removed from the Circuit Court of Hancock County, Mississippi. Based upon the foregoing, Plaintiff has no possibility of recovery

against Defendant Lee Dixon, as all claims against him are time-barred.  Plaintiff asserts independent claims against Defendant Western Heritage, which are not subject to a common statute of limitations defense.  The Court must therefore conclude that Dixon was improperly joined.  The Court has subject matter jurisdiction over this suit pursuant to section 1332 of Title 28 of the United States Code, and the case will proceed in this Court against the remaining Defendant Western Heritage Insurance Company.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Remand [21] of Plaintiff Rick Bounds Auto Sales, Inc., filed on February 26, 2009, in the above captioned cause, should be and is hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's claims against Defendant Lee Dixon are hereby **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Response to Western Heritage's Motion for Summary Judgment is due within fifteen (15) calendar days of entry of this Order, and any Reply shall be filed in accordance with Uniform Local Rules.

**SO ORDERED AND ADJUDGED**, this the 2nd day of June, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE