IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICK BOUNDS AUTO SALES, INC. | § § § | PLAINTIFF |
| V. | § § | Civil No. 1:09CV65-HSO-JMR |
| WESTERN HERITAGE INSURANCE COMPANY | § § § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT WESTERN HERITAGE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment [3] filed by Defendant Western Heritage Insurance Company ["Western Heritage"]. Plaintiff filed a Response [28], and Western Heritage a Rebuttal [30]. After consideration of the Motion, the pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion should be granted.

## I. BACKGROUND

Plaintiff initiated this lawsuit by filing its Complaint in the Circuit Court of Hancock County, Mississippi, on August 29, 2008. *See* Compl. Plaintiff named Western Heritage and Lee Dixon ["Dixon"] as Defendants. *See id.* Plaintiff asserted claims for misrepresentation, fraud, detrimental reliance, and estoppel against both Defendants, breach of contract, unfair claims practices, and bad faith claims against Western Heritage, and agent negligence against Dixon. *See* Compl., at pp. 10-16.

Western Heritage removed the case to this Court on January 12, 2009,

invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal, at pp. 1-2. In its Notice of Removal, Western Heritage maintained that Dixon's joinder in the removal was not required and that Dixon's residency should be disregarded for purposes of determining whether this Court has jurisdiction, on grounds that he was fraudulently joined to defeat diversity. *See id.* at p. 2. On January 13, 2009, Dixon joined in the removal. *See* Joinder and Consent to Removal [7-1], at p. 1. Plaintiff filed a Motion to Remand [21], which the Court denied. *See* Order [24]. The Court determined that Dixon was improperly or fraudulently joined as a Defendant and dismissed Plaintiff's claims against him. *See id.* Plaintiff's claims against Western Heritage remain and are the subject of the present Motion.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary

-2-

judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes or facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* at 543 (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, a plaintiff must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth*, 75 F. Supp. 2d at 543. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth,* 75 F. Supp. 2d at 543.

B.  Western Heritage's Motion

    1.  Misrepresentation-Based Claims

Plaintiff's claims for misrepresentation, fraud, detrimental reliance, estoppel, and agent negligence are based on alleged misrepresentations by Dixon of

-3-

"'comprehensive coverage' for all causes of loss, except collision, for his inventory." Compl., at ¶ 23. Plaintiff maintains that Dixon was an agent of Western Heritage.

Assuming for the sake of argument that Dixon was Western Heritage's agent, which Western Heritage and Dixon have both denied, "[i]t is generally held that a suit barred by a statute of limitation against an agent will likewise bar the same claim against the principal whose liability is based solely upon the principal and agency relationship, and not some act or conduct of the principal separate and apart from the act or conduct of the agent." *Lowery v. Statewide Healthcare Service, Inc.*, 585 So. 2d 778, 780 (Miss. 1991). As this Court has already determined, each of these claims is premised upon alleged representations made by Dixon in connection with the sale and purchase of the policy. *See* Compl., at pp. 8-10, 13-16. Because Plaintiff's claims against Dixon were not tolled and the statute of limitations began to run, at the latest, on May 12, 2005, when Dixon mailed Plaintiff a copy of the policy, Plaintiff's claims against Dixon were time-barred. *See* Order [24], at pp. 4-7 (*citing* MISS. CODE ANN. § 15-1-49). Plaintiff's misrepresentation-based claims against Western Heritage, based on its purported principal relationship with Dixon, are thus likewise barred. *See Lowery*, 585 So. 2d at 780.

Moreover, such misrepresentation-based claims require reasonable reliance upon the representation. *See Ballard v. Commercial Bank of DeKalb,* 991 So. 2d 1201, 1207 (Miss. 2008) (noting that "an essential element of any claim of fraud or misrepresentation is reasonable reliance") (*citing Franklin v. Lovitt Equipment Co., Inc.,* 420 So. 2d 1370, 1373 (Miss. 1982)). Under Mississippi law, "a party to a

contract is obligated to read the contract before signing it, and cannot be heard to complain of an oral misrepresentation which would have been disclosed by reading the contract." *Agnew v. Washington Mutual Finance Group, LLC*, 244 F. Supp. 2d 672, 676 (N.D. Miss. 2003). "Where the terms of a contract are made available to a contracting party, any reliance on alleged misrepresentations of those terms, is, as a matter of law, unreasonable." *Rainwater v. Lamar Life Ins. Co.,* 207 F. Supp. 2d 561, 567 (S.D. Miss. 2002); *see also Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 439-40 (5th Cir. 2007). As discussed in greater detail below, because the Court is of the opinion that the wind and water exclusions in the insurance contract in question are clear and unambiguous, any reliance upon purported oral misrepresentations by Dixon regarding coverage under the insurance contract was unreasonable as a matter of law. *See Rainwater,* 207 F. Supp. 2d at 567; *see also Leonard*, 499 F.3d at 439-40. Summary judgment is appropriate on these claims.

    2.    <u>Contract-Based Claims</u>

Plaintiff also asserts claims for breach of contract, unfair claims practices, and bad faith against Western Heritage. *See* Compl., at pp. 10-16. These stem from Plaintiff's position that Western Heritage failed to pay benefits due it under the policy in question, and all sound in contract. Plaintiff maintains that the policy is ambiguous and that the Court should determine that Plaintiff's damages suffered during Hurricane Katrina should be covered.

Under Mississippi law, the elements of a breach of contract claim are "(1) the existence of a valid and binding contract; (2) breach of the contract by the defendant;

and (3) money damages suffered by the plaintiff." *Guinn v. Wilkerson*, 963 So. 2d 555, 558 (Miss. Ct. App. 2006) (*citing Favre Prop. Mgmt., LLC v. Cinque Bambini*, 863 So. 2d 1037, 1044 (Miss. Ct. App. 2004)). The second element is at issue in this case.

The insurance policy in question provides physical damage coverage for specified causes of loss to covered automobiles. *See* Policy, at p. 1, attached as Ex. "AA" to Mot. for Summ. J. Though the physical damage coverage provision in the policy states that it covers losses caused by both windstorm and flood, *see id.* at p. 18, the policy includes endorsement WHI 26-0471 6-04, Changes to Physical Damage Coverage for Dealers, which was listed in the Schedule of Forms and Endorsements and included in the policy, *see id.* at pp. 2, 41. This endorsement deletes windstorm, hail, earthquake, and flood from the specified causes of loss. The endorsement reads, in relevant part, as follows:

> THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
>
> CHANGES TO PHYSICAL DAMAGE COVERAGE FOR DEALERS
>
> This endorsement modifies insurance provided under the following:
>
> GARAGE COVERAGE FORM
>
> With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.
>
> SECTION IV – PHYSICAL DAMAGE COVERAGE Item A.1.a. and A.1.b. are replaced by the following:
> A.    Coverage
>        1.    We will pay for "loss" to a covered "auto" or its equipment under:
>                         \* \* \*

        b.        Specified Causes of Loss Coverage
                  Caused by:
                  (1)     Fire, lightning or explosion;
                  (2)     Theft;
                  (3)     Mischief or vandalism; or
                  (4)     The sinking, burning, collision or derailment of any conveyance transporting the covered "auto."

*Id.* at p. 41.

The Court is of the opinion that the physical damage coverage provision of the policy is unambiguous. "A 'court is obligated to enforce a contract executed by legally competent parties where the terms of the contract are clear and unambiguous.' [T]he parties are bound by the language of the contract where a contract is unambiguous." *Ivison v. Ivison*, 762 So. 2d 329, 335 (Miss. 2000) (*quoting Merchants & Farmers Bank v. State ex rel. Moore*, 651 So. 2d 1060, 1061 (Miss. 1995)).

Specifically, it is clear from its face that the policy and endorsements in effect at the time of Hurricane Katrina did not cover losses resulting from windstorm or flood damage. *See id.* There can be no dispute that Plaintiff's claimed losses during Hurricane Katrina were the result of perils not included in the list of specified causes of loss. *See* Dep. of Rick Bounds, at pp. 94-95, 111-14, attached as Ex. "B" to Mot. for Summ. J.; *see also* Compl., at pp. 9-10, 12-17. The Court is of the opinion that, as a matter of law, Plaintiff's damages were not covered by the policy. Therefore, Plaintiff cannot establish Western Heritage breached the insurance contract. Summary judgment on Plaintiff's contract claims is therefore appropriate.

### III. <u>CONCLUSION</u>

For the reasons stated more fully herein, there is insufficient evidence to

establish genuine issues of material fact as to Plaintiff's claims against Western Heritage, and Western Heritage is entitled to judgment as a matter of law. Viewing the evidence in the light most favorable to Plaintiff, the Court finds that summary judgment is appropriate.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, Defendant Western Heritage Insurance Company's Motion for Summary Judgment [3], should be and is hereby **GRANTED**, and this civil action is hereby **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED**, this the 30th day of September, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE